Filed 5/16/24  P. v. Vilayngeun CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>KEVIN THONGSAY VILAYNGEUN,<br><br>     Defendant and Appellant. | A167412<br><br>(Contra Costa County Super. Ct. No. 05001326040) |

This is the second appeal in this case.  In the first appeal, we affirmed Kevin Thongsay Vilayngeun's convictions for first-degree murder with a firearm enhancement, shooting at an occupied motor vehicle with a firearm enhancement, conspiracy to commit robbery with great bodily injury and firearm enhancements, and attempted robbery.

In 2022, Vilayngeun petitioned for resentencing under former Penal Code[1] section 1170.95, renumbered section 1172.6.[2]  Following an evidentiary hearing, the court denied Vilayngeun's petition because the evidence proved beyond a reasonable doubt that he was the actual killer.  Vilayngeun now

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10, eff. June 30, 2022; Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

1

appeals, arguing his counsel was ineffective for failing to object to the admission of certain trial testimony at the section 1172.6 hearing. We affirm.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

Vilayngeun was convicted by a jury of first degree murder (§ 187, subd. (a)); conspiracy to commit robbery (§§ 182, subd. (a)(1), 211, & 212.5, subd. (c)); and attempted second degree robbery (§§ 211, 212.5, subd. (c)). The jury also found true allegations that Vilayngeun personally discharged a firearm causing death (§ 12022.53, subd. (d)), personally used a firearm (§ 12022.5, subd. (a)), and personally inflicted great bodily injury (§ 12022.7, subd. (a)). The trial court sentenced Vilayngeun to a total term of 50 years to life in state prison and this court affirmed the judgment. (*People v. Vilayngeun* (Jan. 23, 2020, A147306) [nonpub. opn.].)[4]

In 2022, Vilayngeun filed a petition for resentencing, asserting he could not presently be convicted of murder because of recent amendments to the

---

[3] On September 18, 2023, Vilayngeun filed an unopposed request for judicial notice of (1) the entire record in the prior appeal, *People v. Vilayngeun* (Jan. 23, 2020, A147306), (2) this court's prior unpublished opinion in the prior appeal, and (3) a transcript of an interview of the jailhouse informant. This court denied the request as to the entire appellate record in *People v. Vilayngeun, supra,* and deferred the request as to the two specific documents. We now grant the request as to our prior opinion, but deny the request as to the transcript because it is not relevant for our resolution of this matter. (Evid. Code, § 452, subd. (d).)

On February 15, 2024, the Attorney General filed an unopposed request for judicial notice of three volumes of reporter's transcripts from the prior appeal. We grant the request. (Evid. Code, § 452, subd. (d).)

[4] Because this is an appeal from resentencing, a detailed factual background is unnecessary. The full factual background can be found in the prior nonpublished opinion.

Penal Code. The trial court concluded Vilayngeun had stated a prima facie case for relief and issued an order to show cause.

At the subsequent evidentiary hearing, the court considered the record of conviction. It also considered witness testimony from the trial transcript, noting that neither party contested the transcript's admissibility.

The court denied the petition, finding the prosecution carried its burden of demonstrating Vilayngeun was ineligible for resentencing. Specifically, the court explained "the testimony implicating [Vilayngeun], and that which identified him at the scene, combined with the overwhelming weight of other reliable circumstantial evidence including that [Vilayngeun's] DNA [was] found on a bullet casing at the scene, was sufficient to prove [Vilayngeun's] identity as the perpetrator of the crime." The court thus concluded the prosecution had proven, beyond a reasonable doubt, that Vilayngeun was the actual killer and guilty of felony murder under California law as amended. Vilayngeun appealed.

## DISCUSSION

Vilayngeun asserts his counsel provided ineffective assistance by failing to object to the admission of certain trial testimony during his section 1172.6 hearing. We disagree.

## I. General Principles

In 2018, the Legislature enacted Senate Bill No. 1437 (SB 1437) which " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842.)

3

SB 1437 also created the following procedure to allow offenders to retroactively seek relief from murder convictions that were no longer valid under the amended rules: "an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[; and] [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959–960; Stats. 2022, ch. 58, § 10.) When a petition complies with these three requirements, the court must determine whether the petitioner has made a prima facie showing for relief. (*Id.* at p. 960.)

Where, as here, a prima facie showing for relief has been made, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subd. (d)(1).) The burden of proof remains on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder under the California law as amended by the changes to Section 188 or 189. (§ 1172.6, subd. (d)(3) (section 1172.6(d)(3)).) Admission of evidence in the hearing is governed by the Evidence Code, "except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (§ 1172.6(d)(3).)

4

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) but for his counsel's errors there is a reasonable probability that the result of the proceeding would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 693.) Because a defendant must satisfy both components, we may reject a claim of ineffective assistance of counsel if there is an insufficient showing as to either component. (*Id.* at p. 697.)

## II.  Testimony of Jailhouse Informant

Vilayngeun contends his counsel was ineffective by failing to object to the resentencing court's admission of a jailhouse informant's trial testimony at the section 1172.6 hearing as the testimony constituted inadmissible hearsay. This argument fails because his counsel did not have a valid objection to the admission of that testimony. (See *People v. Bradley* (2012) 208 Cal.App.4th 64, 90 ["Failure to raise a meritless objection is not ineffective assistance of counsel."].)

The purpose of a section 1172.6 hearing is not to conduct a new trial on the defendant's guilt. (See *Torres v. Superior Court* (2023) 94 Cal.App.5th 497, 515.) Rather, section 1172.6 "is an act of legislative lenity in that a defendant who qualifies for relief may receive a decreased punishment." (*People v. Myles* (2021) 69 Cal.App.5th 688, 703.) Defendants thus are not afforded all the same rights provided at trial. (See, e.g., *People v. Perez* (2018) 4 Cal.5th 1055, 1063–1064 [trial court's factfinding based on new evidence regarding petitioner's eligibility for resentencing does not implicate 6th Amend. rights]; *Torres v. Superior Court, supra*, 94 Cal.App.5th at pp. 515–516 ["[T]he parties to a section 1172.6, subdivision (d)(3) hearing are not . . . foreclosed from referring to the jury's verdicts or findings, unlike the

situation where a new trial is granted in a criminal case.  [Citation.]  Indeed, here the trial court is bound by certain findings previously made."].)

Nor does a section 1172.6 petition " 'afford the [defendant] a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings.  To the contrary, "nothing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding . . . . The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved" ' " (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1127; accord *People v. Clements* (2022) 75 Cal.App.5th 276, 297 ["Under our interpretation [of former section 1170.95], the judge simply reviews the record, hears the testimony, and decides as a factual matter whether the petitioner committed murder under the current law."]).  Vilayngeun's contentions to the contrary have been considered and rejected by multiple courts.

In *People v. Cody* (2023) 92 Cal.App.5th 87, 101 (*Cody*), the defendant asserted the trial court improperly relied on trial transcripts at his section 1172.6 hearing.  He asserted, under the Evidence Code, the prosecution was required to show the witness was unavailable before his or her prior testimony could be admitted into evidence.  (*Cody*, at p. 103.)  The Court of Appeal disagreed.  (*Ibid*.) While acknowledging that section 1172.6, subdivision (d)(3) provides the Evidence Code shall govern admission of evidence at a section 1172.6 hearing, the court went on to explain: "If the Legislature had stopped there, then we would likely agree with [the petitioner's] interpretation of the statute.  That is, we would find the prosecution is required to make a showing of witness unavailability under

6

Evidence Code section 1291, before the trial court could admit the former testimony of witnesses at the evidentiary hearing. However, the law has an explicit exception that provides for the admission of former testimony: 'The admission of evidence in the hearing shall be governed by the Evidence Code, *except that* the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including *witness testimony . . . .*' " (*Cody*, at p. 104.) The court thus concluded that having to relitigate the admissibility of trial transcripts "would mean that all section 1172.6 evidentiary hearings would effectively become new court trials," which "is plainly not what the Legislature intended." (*Cody*, at p. 104.)

Our colleagues in Division Four reached a similar conclusion in *People v. Davenport* (2023) 95 Cal.App.5th 1150 (*Davenport*). The court held a "plain reading" of section 1172.6, subdivision (d)(3) compelled the conclusion that a preliminary hearing transcript was generally admissible, noting in relevant part, "the provision unambiguously provides that a trial court ruling on the merits of a resentencing petition 'may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony.' " (*Davenport*, at p. 1158.)

The *Davenport* court summarized its interpretation of section 1172.6 as follows: "[T]he rules of evidence apply to hearings held under section 1172.6, subdivision (d); under those rules, hearsay is inadmissible in the absence of an exception; and the pertinent exception here is the clause in section 1172.6, subdivision (d)(3), stating that 'except that the court may consider evidence previously admitted at any prior hearing . . . .' " (*Davenport*, *supra*, 95 Cal.App.5th at p. 1158.) Although section 1172.6, subdivision (d)(3) also requires evidence admitted at the hearing to be " 'admissible under current law,' " the court determined "the most natural reading of those words is that

7

the basis for admission of testimony *at the hearing or trial in which it was previously admitted must remain a valid basis for admitting the testimony* 'under current law.' " (*Davenport*, at p. 1158.)  In so finding, the court rejected the petitioner's argument that this provision required former witness testimony to be admissible under Evidence Code section 1291, noting that such interpretation would render "the exception for previously admitted testimony" superfluous.  (*Davenport*, at p. 1159.)

*Cody* and *Davenport* thus concluded that testimony which had been considered and admitted at a hearing or trial may be considered at a resentencing hearing without having to reestablish its admissibility unless a new evidentiary rule has since been enacted between the time of the testimony and the resentencing hearing.  (See *Davenport*, at p. 1158; *Cody*, at p. 104.)  To be clear, these cases do not suggest *all* trial testimony must be admitted at a section 1172.6 hearing.  (*Cody*, *supra*, 92 Cal.App.5th at p. 104 ["some evidence that was admitted at a former trial . . . would not be admissible under current law."].)  Rather, *Cody*'s cite to *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*) provides an instructive example.  In *Sanchez*, the California Supreme Court adopted a hearsay rule that limited use of case-specific out-of-court statements to support an expert opinion.  A section 1172.6 hearing occurring after the Supreme Court's decision in *Sanchez* could thus exclude such case-specific out-of-court statements, even if previously admitted.

While Vilayngeun asserts *People v. Grimes* (2016) 1 Cal.5th 698 (*Grimes*) and *People v. Gallardo* (2017) 18 Cal.App.5th 51 (*Gallardo*) "clarified the standard for the declaration against penal interest hearsay exception," *Grimes* and *Gallardo* do not represent a new evidentiary rule that would require a resentencing court to reevaluate admissibility.  In *Grimes*,

8

the "clarification" noted by Vilayngeun did not limit the exception for declarations against penal interest but, if anything, expanded its scope. (*Id.* at pp. 716–717 ["a statement is not . . . automatically inadmissible merely because it does not . . . 'significantly enhance the personal detriment' to a person who has already confessed responsibility for the crime."].) The concurring and dissenting opinions noted this expansion by criticizing the majority opinion "for 'watering down the standard for admission.' " (*Id.* at p. 717.) The majority opinion then responded by asserting that, in reaching its conclusion, "we have broken no new ground." (*Ibid.*) And *Gallardo* applied *Grimes* in evaluating whether any statements at issue were against penal interest. (*Gallardo*, at pp. 70–72.) Accordingly, Vilayngeun has failed to identify any change in the law that could have provided a basis for his counsel to object to the admission of the jailhouse informant's statements at his resentencing hearing.[5]

The concurring opinion interprets section 1172.6 to require that, "[i]n the event of an objection to testimony that was admitted at trial, . . . the resentencing court must answer . . . whether such testimony is admissible under the normal rules of evidence." (Conc. opn. of Tucher, P.J., at p. 1.) While the concurrence optimistically states "[u]sually, the proviso will be unimportant," resentencing courts would likely see numerous challenges to evidence and testimony that had previously been admitted and considered without objection under identical evidentiary rules. Because the approach proposed by the concurrence would effectively place a burden on the

---

[5] Because we conclude Vilayngeun was not entitled to relitigate the admissibility of the jailhouse informant's testimony, and his counsel thus was not ineffective for failing to object to the admission of that testimony at the section 1172.6 hearing, we need not address the question of prejudice or the Attorney General's collateral estoppel argument.

resentencing courts and expand the authority of the resentencing courts in ways that exceed the Legislature's intent, we do not adopt it.

In sum, we agree with *Cody*'s and *Davenport*'s reasoning and reject Vilayngeun's arguments to the contrary. Because the resentencing court had no duty to reevaluate the admissibility of the jailhouse informant's trial testimony, Vilayngeun's counsel did not provide ineffective assistance by failing to object to its admission.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

10

_____
Petrou, J.

I CONCUR:

_____
Fujisaki, J.

A167412/*People v. Vilayngeun*

11

**TUCHER, P. J., Concurring.**

I agree appellant Vilayngeun has not established that his counsel at the Penal Code section 1172.6 hearing was ineffective, but I write separately to explain my reading of the statute's evidentiary provision, section 1172.6, subdivision (d)(3) (§ 1172.6(d)(3)).  In short, I think we must take the Legislature at its word, that at a resentencing hearing "the court may consider evidence previously admitted at any prior hearing or trial" provided that evidence "is admissible under current law."  (*Ibid.*)  Usually, the proviso will be unimportant, and evidence previously admitted will be considered at a resentencing hearing without challenge.  But not always.  In the event of an objection to testimony that was admitted at trial, the straight-forward question the resentencing court must answer is whether such testimony is admissible under the normal rules of evidence, aside from the fact that it is not being presented live at the resentencing hearing but was "previously admitted at . . . trial."  (*Ibid.*)

The authority on which my colleagues rely supports this reading of the statute.  In *People v. Cody* (2023) 92 Cal.App.5th 87, 103 (*Cody*), a petitioner seeking resentencing under Penal Code section 1172.6 argued that the prosecution could not rely on testimony admitted at trial unless it first proved the current unavailability of the trial witness, as required when Evidence Code section 1291 is used to introduce prior witness testimony.  The Court of Appeal rejected that argument as inconsistent with the "plain language" of section 1172.6(d)(3).  (*Cody*, at p. 104.)  Because petitioner Cody had identified no specific prior testimony that "would be inadmissible under current law," the trial court committed no error in relying on trial transcripts, the appellate court ruled.  (*Ibid.*)

1

Following *Cody*, *People v. Davenport* (2023) 95 Cal.App.5th 1150, 1157–1158 (*Davenport*) reached the same conclusion with regard to testimony provided at a preliminary hearing. Prosecutors need not prove that a witness who previously provided such testimony is unavailable at a resentencing hearing, the *Davenport* court concluded, if the testimony meets the requirements of section 1172.6(d)(3): that it is admissible " 'under current law' " and not subject to a statutory carveout for a law enforcement officer's hearsay testimony at a preliminary examination, pursuant to Evidence Code section 872, subdivision (b). (*Davenport*, at pp. 1158–1161.) The *Davenport* court correctly understood section 1172.6(d)(3) as an alternative to Evidence Code section 1291 for establishing the admissibility of prior hearing testimony in the context of a resentencing hearing. (See *Davenport*, at pp. 1158–1161.)

*Cody* and *Davenport* are helpful explications of section 1172.6(d)(3), but they do not decide the issue before us: how to analyze an objection that a particular piece of prior testimony is not "admissible under current law" for reasons *unrelated to Evidence Code section 1291*. Appellant argues his counsel at the resentencing hearing should have objected to a jailhouse informant's trial testimony recounting statements made by appellant's codefendant, statements that implicated both defendants in the homicide. His codefendant's out-of-court statements shifted blame onto appellant, he argues, and were thus not sufficiently trustworthy to have been admitted as declarations against penal interest. (See Evid. Code, § 1230.)

To decide whether the jailhouse informant's prior testimony was admissible under section 1172.6(d)(3), one must apply the caselaw interpreting Evidence Code section 1230. This inquiry does not require us to compare case law as it existed at the time of trial with case law as it exists

today. The only issue to be decided, in applying section 1172.6(d)(3), is whether the particular piece of former testimony "is admissible under current law." (*Ibid*.) This is exactly the kind of evidentiary ruling that trial courts make every day.

Under the circumstances of this case, however, we need not analyze the evidentiary issue. As the attorney general points out, appellant made the same argument regarding the admissibility of the same evidence back in 2015, when he sought to sever his trial from his codefendant's on the theory that her statements to the informant could not be admitted against him under Evidence Code section 1230. After a hearing on the issue, the trial court decided otherwise. Appellant did not challenge this ruling in appealing his conviction, which has been final since 2020. Collateral estoppel therefore bars appellant from relitigating the issue now. (See *People v. Strong* (2022) 13 Cal.5th 698, 715-718 (*Strong*) [collateral estoppel applies in a Penal Code section 1172.6 hearing where the issue to be precluded is identical to one actually litigated and necessarily decided, on the merits, in a former proceeding involving the same parties, and that decision is final].) Nothing about appellant's discussion of *People v. Grimes* (2016) 1 Cal.5th 698 or *People v. Gallardo* (2017) 18 Cal.App.5th 51 in the reply brief persuades me that the standard for admitting a declaration against penal interest has so changed since appellant's trial, that it would be inequitable to apply collateral estoppel here.

In sum, I agree with the majority that appellant has not established his counsel's ineffectiveness at the resentencing hearing because he has not established that a challenge to the admissibility of the informant's testimony would have succeeded. But I reach that conclusion through application of collateral estoppel principles, and not by interpreting section 1172.6(d)(3) as

3

providing for the admissibility of previously admitted evidence without regard to whether the evidence is, in fact, "admissible under current law." (§ 1172.6(d)(3).)

The majority would have a resentencing court admit prior testimony unless a new evidentiary rule has "been enacted between the time of the [trial] testimony and the resentencing hearing." (Maj. opn. *ante*, at p. 8.) I acknowledge that the emergence of a new evidentiary rule may be relevant in deciding whether to apply collateral estoppel. (See *Strong*, *supra*, 13 Cal.5th at pp. 716–717.) But I see no place for that inquiry in analyzing the admissibility of evidence under section 1172.6(d)(3). In the case before us, the difference between the two modes of analysis may be academic. In another case, where for example the prerequisites for applying collateral estoppel have not been established (e.g., the issue at trial was not identical), the difference in analytic approach may be dispositive.

I accordingly concur in the decision to AFFIRM the order denying relief but do not join the majority's opinion.

_____

Tucher, P. J.

4